**Penny SHIPE, Plaintiff,**

**v.**

**LITTLE ROCK WASTE WATER UTILITY; and Gus Vratsinas, Ted Treadway, Woodson Walker, Louis Schaufele, Jr., Catherine Hamilton, Jerry Gardner, Robert Criswell and James Barham all in their Official and Individual Capacities, Defendants.**

**No. LR–C–84–1058.**

United States District Court, E.D. Arkansas, W.D.

Nov. 18, 1985.

John C. Wisner, Little Rock, Ark., for plaintiff.

Don F. Hamilton, Carolyn Witherspoon, Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

Pending before this Court are the motions to dismiss or in the alternative summary judgment for the defendants.

The plaintiff has sued Gus Vratsinas (Vratsinas), the chairman of the Sanitary Sewer Committee, as well as Jerry Gardner (Gardner), and John Barham (Barham), employees of the Little Rock Waste Water Utility (Utility), in their individual and official capacities, and the Utility itself for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983. She specifically limits her claims against the Waste Water Sewer Committee (Committee) and its members to claims under Title VII as an employer within the ambit of 42 U.S.C. § 2000e *et seq.*

The undisputed facts in this case are that Barham, Gardner and Vratsinas were, at all times relevant to plaintiff's claim, employees of the Utility functioning within

the discretionary powers of their respective employment. Plaintiff claims to have been harassed verbally by Barham during the course of her employment. She further alleges that Gardner and Vrastinas were involved in her termination by failing to remedy her complaints regarding Barham and that it was due to her complaints to them that she was terminated. It is further undisputed through depositional testimony of the plaintiff that the Utility had based its termination of plaintiff on an incident that involved the opening and dispursing of confidential information. Plaintiff was put on administrative leave on February 29, 1984. She was called into a meeting with Gardner and the personnel director on March 5, 1984. At that time she was informed of the charges that formed the basis of the decision by Gardner to terminate her. At this meeting the plaintiff denied the charges.

The Supreme Court of the United States has given sufficient guidance to courts dealing with § 1983 claims against government entities to effectively bar the plaintiff's claim in this case. In *Harlow v. Fitzgerald*, 457 U.S. 800, 808, 102 S.Ct. 2727, 2733, 73 L.Ed.2d 396 (1982), a new objective test for the qualified immunity defense was enunciated by the Court. This defense replaces the previously recognized subjective aspect of qualified immunity— whereby such immunity is not available if the official asserting the defense "took the action with malicious intention to cause a deprivation of constitutional rights or other injury," *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975)—which had proven to be an ineffective tool to keep insubstantial claims from proceeding to trial. The objective standard generally protects government officials performing discretionary functions from liability for civil damages so long as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known. 457 U.S. at 815–19, 102 S.Ct. at 2737–39; *see also Davis v. Scherer,* —

U.S. ——, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

The concept motivating the qualified immunity doctrine set out in *Harlow* is that the public will be better served where these official acts can be taken "with independence and without fear of *consequences."* 457 U.S. at 819, 102 S.Ct. at 2738–39, quoting *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967) (emphasis added). There is no longer any confusion as to what consequences the Supreme Court had in mind. Public officials are entitled to *"immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985) (emphasis in original).

All defendants in this matter were acting within the bounds of clearly established law when exercising their discretion in performing their various functions. However, "[e]ven defendants *who violate constitutional rights* enjoy qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard." *Davis,* 104 S.Ct. at 3018 (emphasis added). The facts are that plaintiff was given sufficient procedural process within any relevant employment manual, but even assuming, arguendo, that she was not, the clearly established law is that plaintiff was employed under an at-will contract. The Utility and its supervisory employees retained at all times the discretion of terminating employees as their judgment dictated. Plaintiff was afforded all the process she was due—that being an opportunity to be apprised of the charges against her and the opportunity to deny her involvement.

The Eighth Circuit Court of Appeals applied this principle in *Tubbesing v. Arnold,* 742 F.2d 401 (8th Cir.1984) when it reversed the trial court's denial of summary judgment for the defendant. The Court of Appeals reviewed the plaintiff's claim to a property interest in her job by inquiring whether, under the objective *Harlow* stan-

dard, there was a clearly established property interest in her job. None was found. *"Other than* her interpretation of the [employment] manual, Tubbesing's only evidence in support of her claim are her subjective expectations. That is not enough to demonstrate a clearly established right." *Id.* at 406 (emphasis added).

Accordingly, it is hereby ORDERED and ADJUDGED that all defendants are granted partial summary judgment as to plaintiff's claims based on 42 U.S.C. § 1983. Therefore, this matter will proceed to trial to the Court on plaintiff's Title VII claims as scheduled.